14-2777-cv
*New World Trading v. 2 Feet Productions*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand sixteen.

Present:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges,*
> ALVIN K. HELLERSTEIN,
> > *District Judge.*[*]

---

NEW WORLD TRADING CO. LTD.,

> *Plaintiff-Appellee,*

FUJIAN UPTOP TRADING CO., LTD.,

> *Plaintiff,*

> v.                                    No. 14-2777-cv

2 FEET PRODUCTIONS, INC.,

> *Defendant-Counter-Claimant-Appellant,*

UDI AVSHALOMOV,

> *Defendant,*

> v.

QUANZHOU HENGYU LIGHT INDUSTRIAL CO., LTD.,

> *Defendant-Counter-Defendant-Appellee.*

---

[*] Hon. Alvin K. Hellerstein, United States District Court for the Southern District of New York, sitting by designation.

1

For Appellant:            EDWARD C. WIPPER, Oved & Oved, New York, New York.[**]

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **REMANDED** in part.

Defendant-Appellant 2 Feet Productions, Inc. ("2 Feet") appeals from a judgment entered in the United States District Court for the Southern District of New York following a bench trial. The district court awarded damages to Plaintiff-Appellees Quanzhou Hengyu Light Industrial Co. ("Hengyu") and New World Trading Co. ("New World") in consolidated cases asserting claims for breach of contract arising from their sale of footwear to 2 Feet. 2 Feet argues principally that (1) the district court abused its discretion by excluding as hearsay an email from 2 Feet to Hengyu that 2 Feet claims demonstrates an accord and satisfaction between those parties and (2) an email admitted into evidence contradicts the district court's finding that "there is no evidence that 2 Feet agreed" to modify an accord the parties previously reached regarding the amount of money 2 Feet owed New World. We conclude that 2 Feet's first argument is without merit and that its second argument is well-founded. We therefore affirm the judgment as to Hengyu but remand this case to the district court for reconsideration of the damages due to New World in light of the email 2 Feet brings to light. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

---

[**]    Appellees have not filed an appearance in this case. Appellees' counsel in the district court is not admitted to practice in this court, and has indicated that he will not be representing Appellees on appeal.

2

Hengyu

The district court excluded as hearsay an email sent by a 2 Feet employee on December 29, 2011 to Hengyu that included the assertion: "Final payment is $349,761.59." J.A. 539. A district court's application of the Federal Rules of Evidence is "committed to the district court's broad discretion. Thus, we will reverse only where a ruling to admit or exclude evidence is manifestly erroneous and as such constitutes an abuse of discretion." *United States v. Samet*, 466 F.3d 251, 254 (2d Cir. 2006) (internal quotation marks omitted). 2 Feet argues that exclusion of the December 29th email constituted an abuse of discretion because the email was not offered for the truth of the matter asserted therein; rather it was offered for the purpose of demonstrating that Hengyu accepted 2 Feet's payment with the understanding that it would be 2 Feet's "final payment" (*i.e.*, the email was evidence that the parties had reached an accord and satisfaction). At trial, however, 2 Feet's counsel affirmatively said that he was not offering the portion of the email exchange containing 2 Feet's supposed offer, so that portion of the email exchange was not in evidence, and 2 Feet waived any argument that it should be. Since 2 Feet waived this argument below, we need not consider it on appeal. *SEC v. Palmisano*, 135 F.3d 860, 863 (2d Cir. 1998).

New World

The district court found that New World and 2 Feet reached an accord in the amount stated in an email dated December 15, 2010 that was sent to 2 Feet by K.J. Kim, New World's president. The district court used that amount as the basis of its damages calculation. In a footnote, the court stated: "Although Kim later emailed 2 Feet with a different set of requested payments, there is no evidence that 2 Feet agreed to those values."[1] Special App'x 60 n.149.

---

[1] One of the values to which the district court referred was significantly lower than the comparable December 15th value.

New World argues that this finding is belied by a December 20, 2010 email sent by Kim to Nataliya Ivashkova, a 2 Feet employee, in which Kim forwarded a prior email sent to Udi Avshalomov, 2 Feet's president, that laid out his proposed modifications to the amounts settled upon five days earlier, and in which Kim stated that "Udi confirmed" ("December 20th email"). J.A. 542.

"On appeal from a bench trial, the district court's findings of fact are reviewed for clear error." *Beck Chevrolet Co., Inc. v. General Motors LLC*, 787 F.3d 663, 672 (2d Cir. 2015) (quoting *Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd.*, 190 F.3d 64, 67 (2d Cir. 1999)).[2] In its findings of fact, the district court mentioned an email dated December 21, 2010 that Kim sent to Ivashkova in which Kim asked 2 Feet to wire certain amounts of money to three manufacturers ("December 21st email"); two of the amounts requested are different from those comprising the accord reached on December 15, 2010. *See* Special App'x 46. Presumably, this is the email the court later referenced in footnote 149 (which forms the basis of 2 Feet's appeal). The record evidence reveals, however, that the December 21st email was the last in a chain of emails and the district court's order makes no mention of the preceding emails. The adjusted amounts Kim requested in his December 21st email were first raised in an email from Kim to Avshalomov and Ivashkova on December 20th. Later that day, Kim sent the December 20th email to Ivashkova (forwarding his previous email and stating that "Udi confirmed"). J.A. 542. Ivashkova responded to Kim by email on December 21, 2010, noting a discrepancy in the amount 2 Feet owed to one of the manufacturers. Kim then responded to Ivashkova's email with the December 21st email cited by the district court, which reaffirmed the amounts he requested the day before.

---

[2]     Although contained in the section of the district court's opinion and order titled "Conclusions of Law," the challenged language pertaining to an absence if evidence is properly construed as a finding of fact.

4

Because the district court made no mention of the December 20th email that was sent by Kim on behalf of New World stating that "Udi confirmed," we conclude that the district court's finding that there was "no evidence" that 2 Feet agreed to the amounts Kim requested on December 20th constituted clear error. *See United States v. Capers*, 627 F.3d 470, 481–82 (2d Cir. 2010) (holding that in light of certain evidence in the record, a district court's finding that there was "no evidence" of a fact was clear error).

Although it appears that proper consideration of the December 20, 2010 email may reduce New World's claim by approximately $90,000, we are loathe to determine in the first instance whether and how this email affects the district court's damages calculation. That court had the advantage of considering the evidence in this case firsthand at a three-day trial. We therefore remand this case to the district court for a determination of whether Kim's email dated December 20, 2010 affects the court's determination of the amount of damages to which New World is entitled. If the district court answers that question in the affirmative, it is instructed to modify its damages award accordingly.

For the reasons described above, the judgment of the district court is AFFIRMED with respect to damages awarded to Plaintiff-Appellee Hengyu, and REMANDED with respect to damages awarded to Plaintiff-Appellee New World Trading Company with instructions to reevaluate the amount of damages owed to New World in light of Kim's December 20, 2010 email.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk